IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

**FILED**

JAN 3 2011

Phil Lombardi, Clerk
U.S. DISTRICT COURT

STATES RESOURCES CORP.,

Plaintiff,

v.

1 KMO CONSTRUCTION MANAGEMENT, LLC, an Oklahoma limited liability company; 2 GREG D. OWENS, individually; 3 BRUCE G. BOLZLE, individually and as Trustee of 4 THE BRUCE G. BOLZLE REVOCABLE TRUST DATED JULY 31, 2002; and 5 KMO DEVELOPMENT GROUP, INC.

Defendants.

Case No.

11 CV - 0 0 2 JHP   TLW

JURY TRIAL DEMANDED

**UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT TO BE VALID. IF YOU NOTIFY US IN WRITING WITHIN SAID THIRTY (30) DAYS THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT AND FORWARD IT TO YOU BY MAIL. IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE CURRENT CREDITOR, AND IF WITHIN THE 30-DAY PERIOD YOU SUBMIT A WRITTEN REQUEST, WE WILL PROVIDE THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR. THIS NOTICE IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

## COMPLAINT

Plaintiff States Resources Corp., ("States Resources"), for its causes of action against the Defendants KMO Construction Management, LLC ("KMO"); Greg D. Owens, individually ("Owens"); Bruce G. Bolzle, individually ("Bolzle") and as Trustee of The Bruce G. Bolzle Revocable Trust Dated July 31, 2002 (the "Trust"); and KMO Development Group, Inc. ("KMO Development"), and alleges and states:

## JURISDICTION AND VENUE

1. States Resources is a corporation duly organized and existing under the laws of the State of Iowa.

2. Defendant KMO is an Oklahoma limited liability company registered with the Oklahoma Secretary of State to do business in the State of Oklahoma and has its principal place of business in the Northern District of Oklahoma.

3. Upon information and belief, Defendants Owens and Bolzle are citizens of the State of Oklahoma and reside in the Northern District of Oklahoma.

4. Upon information and belief, the trustee of the Trust, Bolzle, is a citizen of the State of Oklahoma and resides in the Northern District of Oklahoma.

5. Defendant, KMO Development is an Oklahoma corporation registered with the Oklahoma Secretary of State to do business in the State of Oklahoma and has its principal place of business in the Northern District of Oklahoma.

6. This is an action to collect on an Aircraft Promissory Note ("Note") and Aircraft Security Agreement ("Security Agreement") each executed by KMO on March 22, 2004.

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## BACKGROUND

9. On March 22, 2004, KMO executed the Note to Sovereign Bank for the principal amount of $341,228.00. The Note was secured by the Security Agreement which was also

executed by KMO on March 22, 2004. The collateral for the Security Agreement was a Cirrus SR22 Aircraft and related equipment (the "Aircraft").

10. Defendants Owens and Bolzle individually, Bolzle as trustee of the Trust, and KMO Development each executed Guaranties of the Note on March 22, 2004.

11. On February 26, 2010, Sovereign Bank assigned to States Resources all of its right, title, and interest in the Note, Security Agreement and Guaranties.

12. KMO defaulted on the Note and, pursuant to the agreement between States Resources and Defendants, the Aircraft was liquidated. States Resources received $172,400.00 from the sale of the Aircraft which was applied to the principal balance and accruing interest due on the Note. As part of the agreement with Defendants to sell the Aircraft, States Resources extended additional credit to indebtedness in the amount of $27,600.00, which resulted in a total credit of $200,000.00 on the Note.

13. After liquidation of the Aircraft, there remained a balance of $90,085.10 owed on the Note. Defendants have failed to pay the principal balance, interest and late charges as required by the Note.

14. The Note contains the following provisions to-wit:

> Each of the following shall constitute an event of default ("Event of Default" under this Note:
>
> Default in payment of this Note or any Indebtedness of the Borrower to Bank;
>
> . . . . . . . .
>
> Borrower and/or guarantor fails generally to pay its debts as such debts become due;
>
> . . . . . . . .
>
> Upon the occurrence of an Event of Default, this Note and all Indebtedness shall, at the option of the Bank, become immediately due and payable in full without notice, presentation or demand for payment, all such being hereby waived by the Borrower and in such event, it is agreed that the Bank may exercise all rights and remedies available to it under the

Aircraft Security Agreement or document relating to or otherwise securing any of the Indebtedness or, which may be available to Bank under the Uniform Commercial Code as in effect in the Commonwealth of Massachusetts or other applicable law. Delay or forbearance by the Bank in the exercise of any right granted hereunder shall not operate as a waiver thereof.

15. The Guaranties executed by Defendants state:

Guarantor, jointly and severally (if more than one guarantor), absolutely and unconditionally guarantees to Bank the prompt payment and performance of all indebtedness, liabilities and obligations of Borrower to Bank . . .

16. Defendants defaulted in the payment of the Note by failing to make payment of the indebtedness including late charges and accruing interest.

17. States Resources further states that by virtue of Defendants' default, the terms of the Note, Security Agreement and Guaranties have been breached.

18. The amount due and payable on the Note is as follows: principal balance of $90,085.10 together with accrued interest through December 13, 2010 in the amount of $728.68 and interest thereafter at $14.01 per day until paid, late charges of $118.33 together with advanced funds in the amount of $2,875.22, reasonable attorney's fees and all costs of collection.

### FIRST CAUSE OF ACTION
### (Breach of Contract - Note / Security Agreement)

19. States Resources hereby incorporates each and every material allegation set forth above.

20. The Note and Security Agreement constitute enforceable contracts containing specific financial obligations on the part of KMO.

21. KMO breached the Note and Security Agreement by failing to perform according to their terms.

22. Because of KMO's breach of the Note and Security Agreement, States Resources is entitled to a judgment against Defendant, KMO for the amount of $90,085.10, together with accrued interest through December 13, 2010 in the amount of $728.68 and interest accruing thereafter at $14.01 per day until paid, late charges of $118.33 together with advanced funds in the amount of $2,875.22, reasonable attorney's fees and all costs of collection.

**SECOND CAUSE OF ACTION**
**(Breach of Contract - Guaranties)**

23. States Resources hereby incorporates each and every material allegation set forth above.

24. The Guaranties executed by Owens, Bolzle individually and as trustee of the Trust, and KMO Development constitute enforceable contracts containing specific financial obligations on the part of said Defendants.

25. Owens, Bolzle individually and as trustee of the Trust, and KMO Development, breached their respective Guaranty agreements by failing to perform according to their terms and pay the indebtedness on the Note.

26. Owens, Bolzle individually and as trustee of the Trust, and KMO Development are, therefore, jointly and severally liable for the remaining principle amount of $90,085.10, together with accrued interest through December 13, 2010 in the amount of $728.68 and interest accruing thereafter at $14.01 per day until paid, late charges of $118.33 together with advanced funds in the amount of $2,875.22, reasonable attorney's fees and all costs of collection.

**THIRD CAUSE OF ACTION**
**(Unjust Enrichment)**

27. States Resources hereby incorporates each and every material allegation set forth above.

28.     As a result of the conduct described herein, Defendants will be, and have been, unjustly enriched at the expense of States Resources.

29.     Defendants must be required to disgorge the gain that they have unjustly obtained at States Resources' expense.

## PRAYER FOR RELIEF

WHEREFORE, States Resources prays that it have and recover the judgments set forth in its causes of action and that it have such other and further relief as may be equitable, premises considered, that it recover a reasonable attorney's fee and all costs of this action.

Respectfully submitted,

Scott R. Helton, OBA #19829
Lauren A. Waits, OBA #22757
HEROUX & HELTON PLLC
6450 S. Lewis Ave., Ste. 115
Tulsa, OK  74136-1270
(918) 582-3853
(918) 582-3824 (fax)
scott@herouxhelton.com